PUMPELLY *against* CROSBY and others.

A general replication to a special plea need not be signed by counsel.

SHERWOOD, for the defendants, moved to set aside an inquest, taken at the last circuit in *Tioga* county, and all subsequent proceedings, for irregularity. He cited 5 *Johns. Rep.* 235, 236. 2 *Wils.* 74.

The irregularity relied upon, was the want of the name of *counsel* to the *replication*. The plea was a special plea of payment to the holder and payee of a promissory note, before it was endorsed to the plaintiff; and a *general replication*, denying the payment.

*H. Bleecker*, contra.

*Per Curiam.* The motion must be denied. The case

of *Simson* v. *Neal*, (2 *Wils.* 47.) on which the defendants' counsel relies, has been overruled in the case of *Hubert* v. Lord *Weymouth*, (2 *Black. Rep.* 816.) and there can be no more reason for requiring the signature of counsel to a *general replication* than to a general plea. When the replication consists in a mere denial of the plea, without alleging any new matter therein, it need not be signed by counsel. This appears to be the settled practice of the court of K. B. (*Sellon*, 327. *Impey's K. B. Prac.* 263.)